Timothy Devlin (admitted *pro hac vice*)
FARNEY DANIELS PC
1220 N. Market Street
Wilmington, DE 19801
Telephone:  (312) 300-4626
Email:  tdevlin@farneydaniels.com

Brian H. VanderZanden (Cal. Bar No. 233134)
Lei Sun (Cal. Bar No. 251304)
FARNEY DANIELS PC
800 S. Austin Ave., Suite 200
Georgetown, TX 78626
Telephone:  (512) 582-2831
Facsimile:  (512) 582-2829
Email:        bvanderzanden@farneydaniels.com
                  lsun@farneydaniels.com

ATTORNEYS FOR PLAINTIFF
BRANDYWINE COMMUNICATIONS TECHNOLOGIES LLC

William H. Boice (admitted *pro hac vice*)
Russell A. Korn (admitted *pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GE 30309-4528
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555
Emails:       bboice@kilpatricktownsend.com
                  rkorn@kilpatricktownsend.com

Daniel S. Young (admitted *pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
1400 Wewatta Street
Denver, CO  80202
Telephone:  (303) 571-4000
Facsimile:  (303) 571-4321
Email:        dyoung@kilpatricktownsend.com

Robert J. Artuz (Cal. Bar No. 227789)
KILPATRICK TOWNSEND & STOCKTON LLP
1080 Marsh Road
Menlo Park, CA 94025
Telephone:  (650) 326-2400
Facsimile:  (650) 326-2422
Emails:       rartuz@kilpatricktownsend.com

ATTORNEYS FOR DEFENDANTS
AT&T CORP., AND SBC INTERNET SERVICES, INC.

1
2

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

3

| | |
|---|---|
| BRANDYWINE COMMUNICATIONS TECHNOLOGIES, LLC, | Case Number:  4:12-02494 CW |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| AT&T CORP. and SBC Internet Services, Inc. | |
| Defendants. | |

4
5
6
7
8
9

**1.      PURPOSES AND LIMITATIONS**

10
11

Plaintiff Brandywine ("Plaintiff" or "Brandywine") and Defendants AT&T Corp. and SBC

12

Internet Services, Inc. (jointly "Defendants") anticipate that disclosure and discovery activity in this

13

action are likely to involve production of confidential, proprietary, trade secret, and/or

14

commercially sensitive information or otherwise private information are likely to be disclosed or

15

produced during the course of discovery, initial disclosures, and supplemental disclosures in this

16

case and for which special protection from public disclosure and from use for any purpose other

17

than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and

petition the Court to enter the following Stipulated Protective Order.

18

**2.      DEFINITIONS**

19
20

2.1      **Challenging Party**:  A Party or Non-Party that challenges the designation of

information or items under this Order.

21
22

2.2      **"CONFIDENTIAL" Information or Items**:  All information or material

23

(regardless of how it is generated, stored, or maintained) produced for or disclosed in connection

24

with this action to a Receiving Party that comprise confidential technical, sales, marketing,

25

financial, or other commercially sensitive information, including but not limited to trade secret

26

information, whether embodied in physical objects, documents, or the factual knowledge of

27

persons, and which has been so designated by the Producing Party.  Any CONFIDENTIAL

28

Information or Items obtained by any Party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

2.3     **Counsel** (without qualifier):  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4     **Designating Party**:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE."

2.5     **Discovery Material**:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this action.

2.6     **Expert**:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.7     **"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Information or Items**:  Information or tangible things that are extremely confidential and/or sensitive in nature and that the Producing Party reasonably believes will cause economic harm or significant competitive disadvantage to the Producing Party if disclosed. The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" designation:  (a) trade secrets, pricing information, sales or marketing strategy, marketing forecasts, financial data, sales data, business plans, product development, research, engineering documents, testing documents, employee information, web traffic information, or technical data or information; (b) commercially sensitive competitive information, including, without limitation, information obtained from a Non-Party pursuant to a current Nondisclosure Agreement ("NDA"); (c) information or data relating to future products not yet commercially released and/or strategic plans; and, (d) commercial agreements, licenses, settlement agreements, or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the

Producing Party.  Documents marked CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL shall be treated as if designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY.  In determining whether information should be designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY, the Parties agree to use such designation only in good faith.  Any HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY Information or Items obtained by any Party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

2.8    **"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE" Information or Items**:  Extremely sensitive, confidential, proprietary, and/or trade secret Source Code where  "Source Code" means computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and/or any other documents containing or substantively relating to confidential, proprietary, and/or trade secret source code.  Any HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY– SOURCE CODE Information or Items obtained by any Party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

2.9    **In-House Counsel**:  Attorneys who are employees of a Party to this action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    **Non-Party**:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    **Outside Counsel of Record**:  Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12    **Party**:  Any Party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

2.13    **Producing Party**:  A Party or Non-Party that produces Discovery Material in this action.

2.14   **Professional Vendors**:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, graphics, design, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   **Protected Material**:  Any Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE."

2.16   **Receiving Party**:  A Party that receives Discovery Material from a Producing Party.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel in court or in other settings that might reveal Protected Material.  The protections conferred by this Stipulation and Order do not, however, cover the following information: (a) advertising materials that have been actually published or publicly disseminated; (b) materials that show on their face they have been disseminated to the public or any information that is in the public domain at the time of disclosure to a Receiving Party, or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (c) any information known to the Receiving Party prior to the disclosure, or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.  Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order

of the Court.  This Order is without prejudice to the right of any Party to seek further or additional

protection of any Discovery Material or to modify this Order in any way, including, without

limitation, an order that certain matter not be produced at all.

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this

Order shall remain in effect until a Designating Party agrees otherwise in writing, or a court order

otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and

defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     **Exercise of Restraint and Care in Designating Material for Protection**.  Each

Party or Non-Party that designates information or items for protection under this Order must take

care to limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Designating Party's attention that information or items that it designated for

protection do not qualify for protection at all or do not qualify for the level of protection initially

asserted, that Designating Party will make reasonable efforts to promptly notify all other Parties that

it is withdrawing the mistaken designation.

5.2     **Manner and Timing of Designations**.  Except as otherwise provided in this Order

(see, *e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered,

Discovery Material that qualifies for protection under this Order must be clearly so designated

before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     For information in documentary form (*e.g.*, paper or electronic documents,

but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE

COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE

CODE" to each page that contains protected material.  If only a portion or portions of the material

on a page qualifies for protection, the Producing Party also must clearly identify the protected

portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each

portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection

need not designate them for protection until after the inspecting Party has indicated which material

it would like copied and produced.  During the inspection and before the designation, all of the

material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE

COUNSEL ONLY."  After the inspecting Party has identified the documents it wants copied and

produced, the Producing Party must determine which documents, or portions thereof, qualify for

protection under this Order.  Then, before producing the specified documents, the Producing Party

must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY –

SOURCE CODE") to each page that contains Protected Material.  If only a portion or portions of

the material on a page qualifies for protection, the Producing Party also must clearly identify the

protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for

each portion, the level of protection being asserted.

(b)     For testimony given in deposition or in other pretrial or trial proceedings, the

Designating Party shall identify on the record, before the close of the deposition, hearing, or other

proceeding, all protected testimony and specify the level of protection being asserted or invoke on

the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to

30 days after the receipt of the final transcript to identify the specific portions of the testimony as

to which protection is sought and to specify the level of protection being asserted.  Only those

portions of the testimony that are appropriately designated for protection within the 30 days shall

be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating

Party may specify, at the deposition, hearing, or proceeding, or up to 30 days afterwards if that

period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY."  Any Protected Material that is

used in the taking of a deposition shall remain subject to the provisions of this Protective Order,

along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the Parties." Transcripts containing Protected Material shall include a list of all pages (including line numbers where appropriate) that have been designated as Protected Material, and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.  Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" in its entirety, unless otherwise agreed.  After the expiration of the 30-day period, the transcript shall be treated only as actually designated.

(c)      For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container(s) in which the information or item is stored, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3 **Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice of the Designating Party's failure to designate the Protected Material with the correct confidentiality designation, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order. With respect to documents, the Producing Party shall immediately upon discovery notify the Receiving Party of the error in writing and provide replacement pages bearing the appropriate confidentiality legend.

6. **CHALLENGING CONFIDENTIAL DESIGNATIONS**

6.1 **Timing of Challenges**. Any Party or may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 **Meet and Confer**. The Challenging Party shall initiate the dispute resolution process by providing written notice to Outside Counsel of Record for the Producing Party that identifies the documents or information that the Receiving Party contends should be differently designated and states the grounds for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for

its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first, or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 **Judicial Intervention**.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion objecting to the confidentiality designation within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Challenging Party to make such a motion including the required declaration within 14 days shall not automatically waive the challenge to the confidentiality designation.

All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 **Basic Principles**.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order and shall not be distributed, disclosed or made available to anyone else except as expressly provided in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Paragraph 15 ("Final Disposition") below.

(a) Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Protected Material designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL

1   ONLY – SOURCE CODE" must be stored and maintained according to the procedures detailed in

2   Section 8 ("Source Code").

3              (b)       Patent Prosecution Bar.

4              (1)       Absent the written consent of the Producing Party, any person on

5   behalf of the Plaintiff who reviews one or more items of Defendants' technical and/or business plan

6   related Protected Material shall not be involved, directly or indirectly, in the advising on, consulting

7   on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications,

8   claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or

9   patent applications before any foreign or domestic agency, including the United States Patent and

10  Trademark Office for a method, apparatus, or system relating to (A) echo cancellation,

11  predistortion, and spectral class management; and/or (B) the function, operation, or design of DSL

12  modems and/or digital subscriber line access multiplexers ("DSLAMs").

13             (2)       In addition, persons acting on behalf of Plaintiff (other than litigation

14  counsel; addressed below) who review a Defendants' technical and/or business plan related

15  Protected Material may not participate directly or indirectly in post grant proceedings relating to the

16  patents-in-suit.  However nothing in this paragraph shall prevent Plaintiff's litigation counsel from

17  participating in a post-grant proceeding that was initiated by a Defendant, a related entity, or a

18  person acting on their behalf, against one or more of the patents-in-suit or any patent that claims

19  priority in whole or in part to one of the patents-in-suit.  Such participation by Plaintiff's litigation

20  counsel shall be expressly conditioned on his/her/its legal obligation, established by this Order, not

21  to use in any way a Defendant's Protected Material to draft new claims, or to amend previously

22  existing claims, through the post grant proceeding.

23             (3)       Additionally, persons who review Defendants' technical and/or

24  business plan related Protected Material pursuant to this Order may not advise clients on which

25  patents or patent applications relating to the specific subject matter of the Protected Material to

26  purchase.  However, nothing in this provision will prevent any attorney from advising on legal

27  matters involving the acquisition of patents or patent applications, including validity.  Participation

28  by such persons in such legal matters shall be expressly conditioned on his or her legal obligation,

1   established by this Order, not to use in any way a Defendant's Protected Material in providing such

2   legal advice.

3               (4)     An individual at Plaintiff's outside law firm who could access the

4   Protected Material (by virtue of working in the same law firm as another individual who reviews or

5   learns of the material) but who is not working on this litigation and never actually accesses the

6   Protected Material (and does not review it or otherwise learns of its contents) is not subject to the

7   Prosecution Bar of this paragraph.

8               (5)     Nothing in this paragraph shall prevent any attorney from sending

9   non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that

10  such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a

11  foreign government) to assist a patent applicant in complying with its duty of candor.  Nothing in

12  this provision shall prohibit any attorney of record in this litigation from discussing any aspect of

13  this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in

14  this litigation with his/her client.

15              (6)     These prohibitions shall begin when access to Protected Materials are

16  first received by the affected individual, and shall end one (1) year after the final resolution of this

17  action, including all appeals.

18          (c)     **Secure Storage**. Protected Material must be stored and maintained by a

19  Receiving Party at a location and in a secure manner that ensures that access is limited to the

20  persons authorized under this Order.  Except as otherwise expressly addressed herein, to the extent

21  that the Receiving Party subsequently generates copies of Protected Material, whether electronic or

22  hard copy, it shall mark such copies with the appropriate confidentiality designations.  When

23  documents are produced in electronic form, the Producing Party shall include the confidentiality

24  designation on the medium containing the documents.  In the event that the Receiving Party prints

25  documents from such medium, the Receiving Party shall mark each such page of the documents

26  with the appropriate designation.

27          (d)     **Legal Advice Based on Protected Material.**  Nothing in this Protective

28  Order shall be construed to prevent Counsel from communicating with or advising their clients

1   with respect to this case based in whole or in part upon Protected Materials, provided Counsel does

2   not disclose the substance or content of the Protected Material itself except as provided in this

3   Order.

4          (e)     **Limitations**.  Nothing in this Order shall restrict in any way a Producing

5   Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any

6   way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become

7   publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known

8   to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed

9   and/or provided by the Producing Party to the Receiving Party or a Non-Party without an

10  obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the

11  Producing Party; or (v) pursuant to order of the Court.

12         (f)     No Protected Material may leave the territorial boundaries of the United

13  States of America.  Without limitation, this prohibition extends to Protected Material (including

14  copies) in physical and electronic form.  The viewing of Protected Material through electronic

15  means outside the territorial limits of the United States of America is similarly prohibited.

16  Notwithstanding this prohibition, Protected Material, exclusive of material or "CONFIDENTIAL"

17  or "HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL –

18  OUTSIDE COUNSEL ONLY – SOURCE CODE", and to the extent otherwise permitted by law,

19  may be taken outside the territorial limits of the United States if it is reasonably necessary for a

20  deposition taken in a foreign country.  The restrictions contained within this paragraph may be

21  amended through the written consent of the Producing Party.

22         (g)     Except as may be otherwise ordered by the Court, any person may be

23  examined as a witness at depositions and trial and may testify concerning all Protected Material of

24  which such person has prior knowledge.  Without in any way limiting the generality of the

25  foregoing:

26                 (1)     A present director, officer, and/or employee of a Producing Party may

27  be examined and may testify concerning all Protected Material which has been produced by that

28  Party and of which the witness has personal knowledge;

STIPULATED PROTECTIVE ORDER
Case No. C 12-02494 CW                                                    13

(2)     A former director, officer, agent, and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Protected Material of which he or she has personal knowledge, including any Protected Material that refers to matters of which the witness has personal knowledge, which has been produced by that Party and which pertains to the period or periods of his employment by that Party; and

(3)     Non-Parties may be examined or testify concerning any document containing Protected Material of a Producing Party which appears on its face or from other documents or testimony to have been received from or communicated to the Non-Party as a result of any contact or relationship with the Producing Party or a representative of the Producing Party. Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Material under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney must provide a signed statement, in the form of Exhibit A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Material disclosed during the course of the examination.  In the event that such attorney declines to sign such a statement prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from receiving Protected Material.

(h)     As per Paragraph 14.3, all transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been designated as Protected Material, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

(i)     Outside Counsel of Record for the Parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters maybe returned by the Clerk of the Court, if they are not so retrieved.  No material or copies thereof so filed shall be released except

by order of the Court, to Outside Counsel of Record, or as otherwise provided for hereunder. Notwithstanding the foregoing and with regard to material designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE, the provisions of Paragraph 8 are controlling to the extent those provisions differ from this paragraph.

(j)      Protected Material shall not be copied or otherwise produced by a Receiving Party, except for transmission to qualified recipients, without the written permission of the Producing Party or by further order of the Court.  Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests, and analyses of CONFIDENTIAL and HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY information for use in connection with this litigation and such working copies, abstracts, digests, and analyses shall be deemed Protected Material under the terms of this Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL and HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Material, in whatever form stored or reproduced, shall be limited to qualified recipients.

7.2      **Disclosure of "CONFIDENTIAL" Information or Items**.  Unless otherwise ordered by the court or permitted in writing by the Producing Party, information or item designated "CONFIDENTIAL" may only be disclosed to:

(a)      The Receiving Party's Outside Counsel of Record in this action, as well as such Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such Counsel, paralegals, and staff to whom it is reasonably necessary to disclose the information for this litigation;

(b)      The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)      Experts (as defined by this Order) retained by the Receiving Party to assist in this action, subject to the provisions of Paragraph 7.5, provided that disclosure is only to the extent

necessary to perform such work; and provided that: (a) such Expert has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such Expert is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 7.5 below;

        (d)     The Court, jury, and Court personnel;

        (e)     Court reporters, stenographers, videographers and their staff retained to record testimony taken in this action and professional jury or trial consultants and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and

        (f)     The author or recipient of a document containing the information, or a custodian or other person who otherwise possessed or knew the information, or a witness designated by the Producing Party to testify on a topic for which the information is relevant.

        7.3    **Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Information or Items.**  Unless otherwise ordered by the court or permitted in writing by the Producing Party, any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" may only be disclosed to:

        (a)     The Receiving Party's Outside Counsel of Record in this action, as well as such Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such Counsel, paralegals, and staff to whom it is reasonably necessary to disclose the information for this litigation;

        (b)     Experts (as defined by this Order) retained by the Receiving Party to assist in this action, subject to the provisions of Paragraph 7.5, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such Expert has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such Expert is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) no

1    unresolved objections to such disclosure exist after proper notice has been given to all Parties as set

2    forth in Paragraph 7.5 below; and (d) such Expert is not involved in competitive decision-making,

3    as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a

4    Party or a competitor of a Party;

5              (c)    The Court, jury, and Court personnel;

6              (d)    Court reporters, stenographers, videographers and their staff retained to

7    record testimony taken in this action and professional jury or trial consultants and Professional

8    Vendors to whom disclosure is reasonably necessary for this litigation and who have agreed to be

9    bound by the provisions of the Protective Order by signing a copy of Exhibit A;

10             (e)    The author or recipient of a document containing the information, or a

11   custodian or other person who otherwise possessed or knew the information, or a witness

12   designated by the Producing Party to testify on a topic for which the information is relevant; and

13             (f)    Nothing herein shall limit any party from requesting for a specific individual

14   to have access to specific HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY material by

15   Bates Number or other specific identifier.

16        7.4    **Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY –**

17   **SOURCE CODE" Information or Items**:  To the extent production of Source Code becomes

18   necessary to the prosecution or defense of the case, a Producing Party may designate Source Code

19   as  "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE" if it

20   comprises or includes confidential, proprietary, and/or trade secret Source Code.  Nothing in this

21   Order shall be construed as a representation or admission that Source Code is properly discoverable

22   in this action, or to obligate any Party to produce any Source Code.  Unless otherwise ordered by

23   the court or permitted in writing by the Producing Party, Discovery Material designated "HIGHLY

24   CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE" shall be subject to the

25   provisions set forth in Paragraph 8 below, and may be disclosed solely to any person described in

26   Paragraphs 7.3(a) (limited to no more than five (5) individuals), 7.3(b) (limited to no more than

27   three (3) Experts), 7.3(c), and 7.3(e).

28        7.5    **Notice of Disclosure**

STIPULATED PROTECTIVE ORDER
Case No. C 12-02494 CW                                                                                    17

(a)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, prior to disclosing any Protected Material to any person described in Paragraphs 7.2(c), 7.2(e), 7.3(c), 7.3(e), (referenced below as "Person"), the Party seeking to disclose such information shall provide the Designating Party with written notice that includes: (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person; (iv) for any Person described in Paragraphs 7.2(c) or 7.3(c), an up-to-date curriculum vitae of the Person including an identification of all entities for whom the Person has been employed or acted as a consultant for the past four (4) years; and (v) for any Person described in Paragraphs 7.2(c) or 7.3(c), a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.  Said written notice shall include an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of DSL modems and/or DSLAMs, or relating to the acquisition of intellectual property assets relating to DSL modems and/or DSLAMs.  The Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the Person.  During the pendency of and for a period of two (2) years after the final resolution of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of DSL modems and/or DSLAMs, or the acquisition of intellectual property assets relating to DSL modems and/or DSLAMs.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs 7.5(a) may disclose Protected Material to the Person identified pursuant to 7.5(a) unless within fourteen (14) days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the good cause grounds upon which it is based.  For purposes of this section, "good cause" shall include an

objectively reasonable concern that the Person will advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are that are inconsistent with the provisions contained in this Order.  In the absence of an objection at the end of the fourteen (14) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this fourteen (14) day period.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party via telephone or in person to try to resolve the matter by agreement within seven (7) days of the written objection.  If no agreement is reached, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)     An initial failure to object to a Person under this Paragraph 7.5 shall not preclude the nonobjecting Party from later objecting to continued access by that Person for good cause.  If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection.  If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

## 8.     SOURCE CODE

At this point, the parties do not believe that it will be necessary to produce source code. Should the production of source code be necessary, however, the parties agree to meet and confer in good faith regarding the terms of a separate Source Code Access Protective Order, but agree that any such production at a minimum will be subject to the prosecution bar provisions of this Protective Order and agree that no such production will occur without a separate Source Code Access Protective Order in place.

**9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY  – SOURCE CODE"  that Party must:

(a)      Promptly notify in writing the Designating Party and its Counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.  Such notification shall include a copy of the subpoena or court order;

(b)      Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)      Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

(d)      If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of

seeking protection in that court of its confidential material and nothing in this Order should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

10.1    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in this Order should be construed as prohibiting a Non-Party from seeking additional protections.

10.2    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)    Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)    Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.3    A Non-Party's use of this Order to protect its Protected Material does not entitle that Non-Party to access to the Protected Material produced by any Party in this case.

**11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, must immediately (a) notify in writing Outside Counsel of Record for the Designating Party of the unauthorized disclosures, and provide to such Counsel all known relevant information concerning the nature and circumstances of the disclosure, (b) use its best efforts to promptly retrieve all unauthorized copies of the Protected Material and ensure that no further or greater unauthorized disclosure and/or use thereof is made, (c) inform the person(s) to whom the unauthorized disclosures were made of all the terms of this Order, and (d) request such person(s) to execute Exhibit A.  Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.  Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court.

**12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

12.1    Consistent with Federal Rule of Evidence 502, the inadvertent production of any information claimed to be subject to the attorney-client privilege, the work-product doctrine, or any other privilege or protection is not a waiver of that privilege or protection, so long as the holder of the privilege or protection took reasonable steps to prevent disclosure and took reasonable steps to rectify the error.  Upon reasonably prompt written request of the Producing Party, the Receiving Party must promptly return or destroy the specified Protected Material or Discovery Material and all copies within the Receiving Party's possession or control, and certify as such to the Producing Party.  The Receiving Party must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The Producing Party must preserve the information until the claim is resolved. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such

other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

12.2    Nothing in this Stipulated Protective Order should be construed as attempting to limit the protections afforded by the attorney-client privilege, work-product protection, or any other applicable privilege or protection.

12.3    Nothing in this Stipulated Protective Order shall require production of information that a Party contends is protected from disclosure by the attorney-client privilege, work-product protection, or any other applicable privilege or protection.

**13.    DISCOVERY FROM EXPERTS OR CONSULTANTS**

13.1    Testifying Experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case.  Draft reports, notes, or outlines for draft reports developed and drafted by the testifying Expert and/or his or her staff are also exempt from discovery.

13.2    Discovery of materials provided to testifying Experts shall be limited to those materials, facts, consulting Expert opinions, and other matters actually relied upon by the testifying Expert in forming his or her final report, trial, or deposition testimony or any opinion in this case. No discovery can be taken from any non-testifying Expert except to the extent that such non-testifying Expert has provided information, opinions, or other materials to a testifying Expert relied upon by that testifying Expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

13.3    No conversations or communications between Counsel and any testifying or consulting Expert will be subject to discovery unless the conversations or communications are relied upon by such Experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

13.4    Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 13.1 through 13.3 shall be treated as attorney work product for the purposes of this litigation and Order.

13.5     Nothing in this Order, including Paragraphs 13.1 through 13.3, shall alter or change in any way the requirements in Paragraph 8 regarding Source Code, and Paragraph 8 shall control in the event of any conflict.

**14.     MISCELLANEOUS PROVISIONS**

14.1     **Right to Further Relief**.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.  Furthermore, without application to the Court, any Party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other Party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

14.2     **Right to Assert Other Objections**.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3     **Filing Protected Material**.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  Filing Protected Material is authorized by this Order pursuant to Civil Local Rule 1.09(b).  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 1.09(b).

14.4     **Computation of Time**.  The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

14.5     **Termination of Matter and Retention of Jurisdiction**.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  This Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

14.6     **Successors**.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives,

assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

14.7    **Right to Assert Other Objections**. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

14.8    **Burdens of Proof**.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

14.9    **Modification by Court**.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

14.10    **Post-Litigation Privilege Materials**: The Parties agree that the privilege logs need not identify attorney-client communications to/from, or attorney work product created by, each Party's Counsel in this action from August 12, 2011 or thereafter.  Attorney-client communications or attorney work product that a Party may later rely on to support an advice-of-counsel defense to a claim of willful infringement must be included in the privilege log.

14.11    **Discovery Rules Remain Unchanged**.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California or the Court's own orders.

1  Identification of any individual pursuant to this Protective Order does not make that individual

2  available for deposition or any other form of discovery outside of the restrictions and procedures of

3  the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the

4  Northern District of California, or the Court's own orders.

5        14.12  **Waiver of Notice Requirements.**  Any of the notice requirements herein may be

6  waived, in whole or in part, but only in writing signed by the attorney-in-charge for the Party

7  against whom such waiver will be effective.

8        14.13  **Effective Date.**  Each of the Parties agrees to be bound by the terms of this Order as

9  of the date Counsel for such Party executes this Order, even if prior to entry of this Order by the

10  Court.

11  **15.**      **FINAL DISPOSITION**

12        Within sixty days after the entry of a final non-appealable judgment or order, or the

13  complete settlement of all claims asserted against all Parties in this action, each Party shall, at the

14  option of the Producing Party, either return or destroy all physical objects and documents which

15  embody Protected Material it has received, and shall destroy in whatever form stored or reproduced,

16  all physical objects and documents, including but not limited to, correspondence, memoranda, notes

17  and other work product materials, which contain or refer to any category of Protected Material.  All

18  Protected Material not embodied in physical objects and documents shall remain subject to this

19  Order.  In the event that a Party is dismissed before the entry of a final non-appealable judgment or

20  order, this same procedure shall apply to any Protected Material received from or produced to the

21  dismissed Party.  Notwithstanding this provision, Outside Counsel of Record are not required to

22  delete information that may reside on their respective firm's electronic back-up systems that are

23  over-written in the normal course of business.  Notwithstanding the foregoing, Outside Counsel of

24  Record shall be entitled to maintain two copies of all pleadings, motions and trial briefs (including

25  all supporting and opposing papers and exhibits thereto), written discovery requests and responses

26  (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits

27  offered or introduced into evidence at any hearing or trial, and their attorney work product which

28  refers or is related to any CONFIDENTIAL and HIGHLY CONFIDENTIAL – OUTSIDE

COUNSEL ONLY information for archival purposes only.  Whether the Protected Material is returned or destroyed, the Party must provide a Certificate of Destruction to the Producing Party.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:**

Dated:  September 17, 2013                    Respectfully submitted,

                                             By: */s/ Timothy Devlin*
                                                  Timothy Devlin (admitted *pro hac vice*)
                                                  Brian H. VanderZanden
                                                  Lei Sun

                                             Attorneys for Plaintiff
                                             BRANDYWINE COMMUNICATIONS
                                             TECHNOLOGIES LLC

Dated:  September 17, 2013                    Respectfully submitted,

                                             KILPATRICK TOWNSEND & STOCKTON LLP

                                             By: */s/ Russell A. Korn*
                                                  William H. Boice (*pro hac vice*)
                                                  Russell A. Korn (*pro hac vice*)
                                                  Daniel S. Young (*pro hac vice*)
                                                  Robert J. Artuz

                                             Attorneys for Defendants
                                             AT&T CORP. and SBC INTERNET SERVICES, INC.

                                             *\* Filer's Attestation:  Pursuant to Civil Local Rule 5-1(i) regarding signatures, Lei Sun hereby attests that concurrence in the filing of this document has been obtained.*

          IT IS SO ORDERED but see Civil Local Rule 79-5.

    DATED:   9/18/2013                        _____
                                             Claudia Wilken
                                                  U.S. District Court Judge

1

**EXHIBIT A**

2

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3

4

I, _____ [print or type full name], of _____

5

[print or type full address], declare under penalty of perjury that I have read in its entirety and

6

understand the Protective Order that was issued in the case of *Brandywine Communications*

7

*Technologies, LLC v. AT&T Corp. and SBC Internet Services, Inc.*, Case No. C 12-02494 CW

8

(N.D. Cal.).  I agree to comply with and to be bound by all the terms of this Protective Order and I

9

understand and acknowledge that failure to so comply could expose me to sanctions and

10

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

11

any information or item that is subject to this Protective Order to any person or entity except in

12

strict compliance with the provisions of this order.

13

I further agree to submit to the jurisdiction of the United States District Court for the

14

Northern District of California for the purpose of enforcing the terms of this Protective Order,

15

even if such enforcement proceedings occur after termination of this action.

16

17

18

Date: _____

19

City and State where sworn and signed: _____

20

21

Printed Name: _____
                          [printed name]

22

23

24

Signature: _____
                    [signature]

25

26

27

28